UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of VIA SALES & LEASING, INC.,
as owner of a 43' Wellcraft Cruiser,
Serial No. WELHOOH1288, Registration
No. 55E22159, for Exoneration From or       Case No. 05-60240
Limitation of Liability

In the Matter of J. MURRAY TROUP,       Hon. John Corbett O'Meara
as owner of a 43' Wellcraft Cruiser,
Serial No. WELHOOH1288, Registration
No. 55E22159, for Exoneration From or
Limitation of Liability
_____/

**OPINION AND ORDER GRANTING
CLAIMANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is Claimants' motion for summary judgment, filed September 6, 2006. Petitioners filed a response on October 13, 2006, and requested that the court hold the motion in abeyance until the conclusion of criminal proceedings against one of the petitioners, J. Murray Troup. Claimants filed a reply brief on October 20, 2006. The court heard oral argument and denied the motion without prejudice on November 2, 2006.

Claimants orally renewed their motion at the final pretrial conference. The court permitted Petitioners to submit a supplemental response, which was filed on June 19, 2007. Claimants filed a reply brief on June 21, 2007. The court heard oral argument on June 25, 2007, and took the matter under advisement. For the reasons set forth below, the court grants Claimants' motion.

**BACKGROUND FACTS**

This is an admiralty case arising from a boating accident on September 11, 2005. J. Murray Troup, one of the petitioners, owns a 43 foot Wellcraft Cruiser, which collided with a 19

foot Sea Ray Runabout owned by one of the claimants, Laura Kenney. The accident occurred on a sunny, clear day on Lake St. Clair. Troup was operating the Wellcraft Cruiser and was accompanied by passenger Jessica Paige Fuehrer. Laura Kenney's daughter, Audrey Marie Kenney, was operating the Sea Ray and was accompanied by passengers Barbara Liimatta and Nancy Burbary.

Audrey Kenney testified that she left Miller Marina, maneuvered her boat out of traffic, and then drove slowly in a northerly direction parallel to shore. Shortly thereafter, she looked behind her and saw the hull of Troup's boat coming up over the back of her boat. Witnesses who were in a nearby sailboat testified that Troup's larger boat was traveling in the same direction as Kenney's boat, but at a much faster speed. Troup's passenger, Jessica Fuehrer, testified that she and Troup heard a loud noise at the time of the collision. Fuehrer did not realize at first that they had hit another boat, but thought something was wrong with the engine of Troup's boat. According to the witnesses on the sailboat, Troup did not sound a warning horn or slow down before plowing into Kenney's boat. Kenney and her passengers were injured in the accident.

Kenney filed a complaint against Troup in this court on October 14, 2005. The owners of Troup's boat, Via Sales & Leasing, Inc., and Troup, filed petitions for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 183, 185. Claims were filed by Audrey Kenney, Barbara Liimatta, Nancy Burbary, Laura Kenney, and Millers Insurance Company of Michigan.

The claimants have filed a motion for summary judgment, requesting that the court find that Troup was negligent, that his negligence caused the collision, and that he is not entitled to exoneration or limitation of liability. Claimants further request that the court dismiss Troup's

petition with prejudice.

## LAW AND ANALYSIS

According to the claimants, Troup was negligent in that he failed to maintain a proper look-out on his boat, traveled at an unsafe speed, did not act to avoid the collision, and did not keep out of the way of the boat he was overtaking. Claimants contend that Troup violated certain statutory "rules of the road," including Rule 5, "Lookout"; Rule 6, "Safe Speed"; Rule 7, "Risk of Collision"; Rule 8, "Action to Avoid Collision"; Rule 13, "Overtaking"; and Rule 34, "Maneuvering and Warning Signals." See 33 U.S.C. § 2001 et seq.

Claimants assert that Troup is not entitled to exoneration from or limitation of liability under 46 U.S.C. § 183, 184, and 185 and that the court should dismiss his petition. Section 183 provides:

> The liability of the owner of any vessel . . for any loss damage or injury by collision . . . done, occasioned or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (d) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

Id. (emphasis added). To determine whether the owner of a vessel is entitled to a limitation of liability, the court makes a two-step inquiry: "(1) negligence or unseaworthiness, and (2) the owner's privity or knowledge of the negligence." In re Muer, 146 F.3d 410, 414 (6th Cir. 1998). "The burden of proving negligence lies on the person claiming to be injured, but once negligence is established, the vessel's owner must prove lack of knowledge or privity to the negligence. . . . If neither is shown, then the vessel owner is entitled to a limitation of liability." Id. at 416 (citation omitted).

I.    **Negligence**

Claimants assert that it is undisputed that Troup violated the navigational "rules of the road" by failing to maintain a proper lookout and by failing the keep clear of the boat it was overtaking. See Rules 5, 13. Rule 5 states that "[e]very vessel shall at all times maintain a proper lookout by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision." Troup's passenger, Jessica Fuehrer, testified that neither she nor Troup saw Kenny's boat in front of them until after the collision. Troup also testified that did not observe the Sea Ray at any time before the collision.[1] "An unexplained failure to see what ought to be seen is evidence of a faulty lookout." Andrews v. United States, 801 F.2d 644, 648 (3d Cir. 1986) (finding failure to maintain lookout when boats went over a dam that was visible from sixty feet) (citation omitted).

Troup speculates that the Sea Ray was not "out in front of me, so they had to cut across my port bow." Troup Dep. at 97. No witness has testified that the Sea Ray made a sudden maneuver or changed course immediately before impact, however. See Kenney Dep. at 67-80; Liimatta Dep. at 42-43; Burbary Dep. at 54-55; Bloch Dep. at 21-23, 51-52 ("I had seen the little boat. It was going along with us for a little while. It was the larger boat that I did not see until it hit the little boat."); P. Davenport Dep. at 18-26; A. Davenport Dep. at 30-32. Rather, the witnesses on a nearby sailboat testified that both the Sea Ray and the Wellcraft were moving in the same direction and neither boat appeared to make any maneuvers immediately before impact.

---

[1] Troup asserts that his visibility may have been impaired due to a glare on the water from the sun. This argument is of no moment, however, because the navigational rules of the road apply "in any condition of visibility." 33 U.S.C. § 2004

See also Liimatta Dep. at 42-43. The testimony of all of the witnesses, including Troup's testimony that he did not see the Sea Ray in front of him, indicates that Troup failed to maintain a proper lookout in accordance with Rule 5. See Andrews, 801 F.2d at 648.

Troup protests that Rule 5 does not apply to his relatively small boat and that he is not required to post a lookout separate from the operator. To the contrary, however, the navigational rules of the road apply to all vessels, commercial or non-commercial. See Foremost Insurance Co. v. Richardson, 457 U.S. 668, 676 (1982); Andrews, 801 F.2d at 648 (applying Rule 5 and other rules of the road to two 14 and 16 foot motorboats).

Claimants assert that Troup's failure to maintain a proper lookout constitutes negligence and a violation of a statutory duty (Rule 5). "When a ship violates a statutory rule intended to prevent casualties 'The burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been. Such a rule is necessary to enforce obedience to the mandate of the statute.'" Tug Ocean Prince v. U.S., 584 F.2d 1151, 1160 (2nd Cir. 1978) (quoting The Pennsylvania v. Troup, 86 U.S. (19 Wall.) 125, 136 (1873)). In order to invoke The Pennsylvania rule, there must be a relationship between the statutory violation and the injury caused. See Poulis-Minott v. Smith, 388 F.3d 354, 364 (1st Cir. 2004).

> For the Pennsylvania Rule to apply, three elements must exist: (1) proof by a preponderance of evidence of violation of a statute or regulation that imposes a mandatory duty; (2) the statute or regulation must involve marine safety or navigation; and (3) the injury suffered must be of a nature that the statute or regulation was intended to prevent. See United States v. Nassau Marine Corp., 778 F.2d 1111, 1116-17 (5th Cir.1985). Overcoming the burden of proof imposed by this rule is difficult, but may be accomplished by demonstrating that the accident would have occurred despite the statutory violation.

Folkstone Maritime, Ltd. v. CSX Corp., 64 F.3d 1037, 1047 (7th Cir. 1995).

In this case, Troup did not maintain a proper lookout. The rule requiring a lookout was intended to prevent collisions, which is what occurred here. Accordingly, to avoid a finding of negligence, Troup must demonstrate that the accident would have occurred despite his failure to maintain a proper lookout. Troup has not presented any evidence that would support such a conclusion. Therefore, the court finds that there is no genuine issue of material fact and that Troup was negligent as a matter of law.[2]

## II.  Privity or Knowledge of the Negligence

The second inquiry in a limitation of liability action is whether the owner had knowledge of the negligence. Troup was driving the boat at the time of the collision, so the failure to maintain a proper lookout was his responsibility.

> In most circumstances, negligence in operation will be sufficiently connected to the owner on board his own vessel and operating it that he will be found to have privity or knowledge, but this common sense recognition of how the facts will usually work out is not an ineluctable doctrine. . . The 'owner at the helm' doctrine is a useful tool directed toward a proper decision and not a talisman.

Muer, 146 F.3d at 415. It is Troup's burden to demonstrate a lack of privity or knowledge of the negligence. Under the circumstances presented here, he has not done so. Accordingly, the court finds that Troup is not entitled to exoneration or a limitation of liability pursuant to 46 U.S.C. §

---

[2] Troup has raised the issue of Kenney's comparative negligence. As discussed above, the court finds that the testimony and other evidence, including photographs of the vessels after the accident, does not support Troup's supposition that Kenney turned in front of him. The court further finds that the evidence does not support Troup's argument that Kenney could have been operating her boat under the influence of alcohol or drugs. See Dep. of J. Boccaccio, M.D. at 5-8.

183.

## **ORDER**

IT IS HEREBY ORDERED that Claimants' September 6, 2006 motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that J. Murray Troup's Petition for Exoneration or Limitation of Liability is DISMISSED WITH PREJUDICE.

s/John Corbett O'Meara<br>United States District Judge

Dated: June 28, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 3, 2007, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager